# Golligher, Appellant, v. Pennsylvania Railroad Company.

*Negligence—Railroads—Train engaged in interstate commerce—Federal Acts of April 22, 1908 and April 5, 1910—Jurisdiction—State courts.*

Under the Act of Congress of April 22, 1908, chap. 149, 35 U. S. Stat. 65, known as the "Federal Employers' Liability Act" and the amendment of April 5, 1910, chap. 143, 36 U. S. Stat. 291, a state court has jurisdiction to entertain an action of trespass against a railroad company by one of its employees for personal injuries sustained while working on a train engaged in interstate commerce.

Argued May 6, 1912.  Appeal, No. 166, Jan. T., 1911, by plaintiff, from judgment of C. P. Fayette Co., March T., 1910, No. 136, entering judgment for defendant on demurrer in case of Ralph B. Golligher v. Pennsylvania Railroad Company.  Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.  Reversed.

Trespass to recover damages for personal injuries. Before VAN SWEARINGEN, J.

The opinion of the Supreme Court states the case.

*Error assigned* was in sustaining defendant's demurrer to statement.

*D. W. McDonald*, with him *E. T. Levengood* and *James R. Cray*, for appellant.

*S. B. Lloyd*, with him *R. W. Playford*, for appellee.

PER CURIAM, July 2, 1912:

It is alleged in the statement of claim that the plaintiff was a brakeman in the employ of the defendant com-

pany and that he was injured because of the negligence of the engineer and fireman of a train engaged in the transportation of interstate commerce.    The defendant demurred on the ground that the statement was insufficient in law.    The demurrer was sustained and judgment was entered for the defendant, for the reasons that there could not be a recovery in the action under the laws of this State, and that an action under the Federal Railroad Employers' Liability Act of April 22, 1908, Chap. 149, 35 U. S. Stat. 65, or its amendment of April 5, 1910, Chap. 143, 36 U. S. Stat. 291, could not be maintained in the courts of this State.    Since the decision of the Court of Common Pleas, the question involved has been authoritatively settled by the decision of the Supreme Court of the United States in Mondou v. New York, New Haven & Hartford Railroad Co., 223 U. S. 1, in favor of the plaintiff.

The judgment is reversed and the record is remitted to the Common Pleas for further proceedings with leave to the defendant to plead.